IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Roy Patrick Sargeant,<br><br>      Plaintiff,<br><br>v.<br><br>Stacey D. Haynes, *Assistant U.S. Attorney*; W. Michael Duncan; United States of America Marshal Service; Federal Bureau of Prisons,<br><br>      Defendants. | C/A No. 0:12-3555-TMC-PJG<br><br><br><br>**REPORT AND RECOMMENDATION** |

  The plaintiff, Roy Patrick Sargeant ("Plaintiff"), a self-represented federal inmate, brings this action pursuant to 42 U.S.C. § 1983. This civil rights matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff seeks various remedies, including performance of his plea agreement, reimbursement for lost property, relocation, and monetary compensation, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

## BACKGROUND

  On August 29, 2005, Plaintiff pled guilty before the Honorable Joseph F. Anderson, United States District Judge pursuant to a plea agreement. (See United States v. Sargeant, Cr. No. 0:04-00898 (ECF No. 115)). Plaintiff's Complaint focuses on his plea agreement, which he alleges was breached, and his custody status within the Bureau of Prisons ("BOP"). As part of Plaintiff's plea agreement he agreed to cooperate with

investigations into unlawful activities and he testified at the trial of his co-defendant, LaTonya Davis. See United States v. Davis, 269 F. App'x 318 (4th Cir. 2008).

Plaintiff alleges that Defendant Duncan, his appointed counsel in the underlying criminal matter, has not contacted him since Plaintiff's criminal case concluded. Plaintiff appears to allege that while housed at FCI-Schuylkill in Pennsylvania, inmates discovered that he testified against his co-defendant, and Defendant Stacey D. Haynes, who was one of the United States Attorneys in Plaintiff's underlying criminal case, failed to respond to Plaintiff's requests for assistance and protection. After filing a an administrative remedy with BOP, Plaintiff was transferred to FCI-Victorville in California, but his property was not transferred. Plaintiff alleges while at FCI-Victorville, he again sought protected custody when an inmate recognized him, that inmates "invaded" his property that was not within his control, and Defendant Haynes failed to respond to his requests for help. Plaintiff was then transferred to FCI-Herlong, where he alleges that he encountered issues with his cellmates, was involved in a fight with another inmate, and received at least one disciplinary conviction that increased his security level and resulted in his transfer to USP-Atwater. Plaintiff appears to allege that he was eventually placed in protected custody where he is in "lockdown" twenty-three hours a day with only one hour of recreation. Finally, Plaintiff alleges that Defendant Haynes "placed his life in danger" by not properly labeling legal mail that contained details of his plea agreement.[1]

---

[1] Apparently, this mail contained the United States Attorney's response to Plaintiff's motion for appointment of counsel in his criminal case. (See United States v. Sargeant, Cr. No. 0:04-00898 (ECF No. 447)).



Plaintiff requests that the court review his plea agreement to ascertain his "proper rights," and order: (1) his custodian to properly place him, "within a community that [he] can do productive time"; (2) Defendants Haynes and Duncan to continually check on his security and his "re-entry to public society as promised"; (3) reimbursement for his lost property; (4) that he be moved closer to his family; and (5) monetary damages for his "hardship."

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Ashcroft v. Iqbal, 556 U.S. 662 (2009);; Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[2] 28 U.S.C.

---

[2] Screening pursuant to § 1915A is subject to this standard as well.



§ 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see



also Iqbal, 556 U.S. at 684 (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  Although the court must liberally construe a *pro se* complaint, the United States Supreme Court has recently made clear that, under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff in any civil action must do more than make mere conclusory statements to state a claim.  See Iqbal, 556 U.S. at 677-78; Twombly, 550 U.S. at 555.  Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.[3]  Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570.  The reviewing court need only accept as true the complaint's *factual* allegations, not its legal conclusions.  Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation.  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its

---

[3] Although the Iqbal Court was addressing pleading standards in the procedural context of a Rule 12(b)(6) motion, the court finds that those standards also apply in the court's initial screening of a complaint pursuant to §§ 1915(e)(2) and 1915A, since Iqbal discusses the general pleading standards of Rule 8, which apply in all civil actions. Iqbal, 556 U.S. at 677-81.  Moreover, §§ 1915(e)(2) and 1915A(b) permit *sua sponte* dismissal of a complaint that fails to state a claim upon which relief can be granted, which is essentially the same standard found in Rule 12(b)(6).  See McLean v. United States, 566 F.3d 391, 396 (4th Cir. 2009) ("When the word 'dismissed' is coupled with the words '[for] fail[ure] to state a claim upon which relief may be granted,' the complete phrase has a well-established legal meaning.").



> face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir. 2003).

## DISCUSSION

Because it is on a "civil action" form, the clerk of court docketed the Complaint as a civil rights action brought pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).[4]  As an initial matter, Defendant Haynes, a federal prosecutor, is protected from suit by prosecutorial immunity.  In the case of Imbler v. Pachtman, 424 U.S. 409 (1976), the United States Supreme Court held that prosecutors, when acting within the scope of their duties, have absolute immunity from damages liability for alleged civil rights violations committed in the course of proceedings that are "intimately associated with the judicial phase of the criminal process."  Id. at 430; see also Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Dababnah v. Keller-Burnside, 208 F.3d 467 (4th Cir. 2000).  Haynes's actions regarding Plaintiff's plea agreement are intimately associated with the criminal process; thus, Plaintiff cannot recover monetary damages against Defendant Haynes.  See Carter v. Burch, 34 F.3d 257, 263 (4th Cir. 1994) (absolute immunity where prosecutor "was handling the postconviction motions and the initial direct appeal [and thus] still functioning as an advocate for the State").

---

[4] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971), established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights.



Plaintiff also cannot maintain a civil rights claim against Defendant Duncan because he has not acted under color of state law and is not a federal official. It is well settled that an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing traditional functions as counsel. See Polk County v. Dodson, 454 U.S. 312, 317-24 nn.8-16 (1981) (public defender); Hall v. Quillen, 631 F.2d 1154, 1155-56 & nn.2-3 (4th Cir. 1980) (court-appointed attorney); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (private attorney). Furthermore, purely private conduct of an entity or individual, no matter how wrongful, injurious, fraudulent or discriminatory, is not actionable under 42 U.S.C. § 1983, under Bivens, or under the Fourteenth Amendment—the most common provisions under which persons come into federal court to claim that others have violated their constitutional rights. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1983); Burton v. Wilmington Parking Auth., 365 U.S. 715, 721 (1961).

To the extent that Plaintiff seeks injunctive relief against the individual defendants based on an alleged breach of his plea agreement, he has failed to state a substantive claim that would entitle him to such relief. See, e.g., McDaniels v. Richland Cnty. Public Defenders Office, C/A No. 1:12-6-TLW-SVH, 2012 WL 1565618, at *6 (D.S.C. Mar. 27, 2012) ("Allegations based on breach of contract do not rise to the level of deprivation of a constitutional right, and therefore are not actionable under Bivens. Further, the appropriate forum for specific performance based on the breach of a plea agreement is the criminal case in which it was entered.") (citations omitted), Report and Recommendation accepted by 2012 WL 1565472 (May 2, 2012).

With regard to Defendants BOP and "United States of America Marshal Service," they are immune from Plaintiff's claims brought pursuant to Bivens. The doctrine of

Page 7 of 10



sovereign immunity shields the United States from suit absent their consent to be sued. United States v. Mitchell, 463 U.S. 206, 212 (1983). The United States has not consented to a Bivens suit against it or against one of its agencies. F.D.I.C. v. Meyer, 510 U.S. 471, 486 (1994) (declining to extend Bivens remedy to federal agencies); Reinbold v. Evers, 187 F.3d 348, 355 n.7 (4th Cir. 1999) ("While Bivens actions allow for recovery of money damages against federal officials . . ., Bivens does not allow for recovery of money damages, or suits in general, against the government itself."). Thus, no viable Bivens claim can be stated against BOP or the United States Marshals Service.

Further, even construing Sargeant's Complaint as alleging a claim pursuant to the Federal Tort Claims Act ("FTCA") for negligent loss of property, while Congress waived the United States' sovereign immunity in the FTCA for claims arising out of torts committed by federal employees, the United States is the only proper defendant in such an action.[5] See 28 U.S.C. §§ 1346(b)(1), 2679(a). Therefore, Defendants BOP and the United States Marshal Service are entitled to summary dismissal from this case.

To the extent that Plaintiff's Complaint indicates that he seeks relief from defendants other than those listed in the caption (see Compl., ECF No. 1 at 2), the court observes that Plaintiff does not even mention them in the body of the Complaint. Although the Court must liberally construe a *pro se* complaint and a plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, the complaint "must

---

[5] Moreover, the court notes that none of the alleged actions giving rise to Sargeant's alleged loss of property occurred in South Carolina, and Sargeant is not housed in South Carolina. See 28 U.S.C. § 1402(b) (stating that venue for FTCA cases is proper only in "the judicial district where the plaintiff resides or wherein the act of omission complained of occurred."



contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570); see also Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact); cf. Skinner v. Switzer, 131 S. Ct. 1289, 1296 (2011) (holding that "under the Federal Rules of Civil Procedure, a complaint need not pin plaintiff's claim for relief to precise legal theory"). Moreover, "[b]ecause vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. Because Plaintiff did not plead any factual allegations that would state a plausible claim for relief against these proposed defendants, dismissal is appropriate.

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed without prejudice.

Paige J. Gossett<br>
UNITED STATES MAGISTRATE JUDGE

March 18, 2013  
Columbia, South Carolina

*Petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).